IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY STURDIVANT, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION 14-0034-CG-M |
| CHRISTOPHER GORDY, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases. No evidentiary hearing is required. It is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his state remedies. It is further recommended that judgment be entered in favor of Respondent Christopher Gordy and against Petitioner Tommy Sturdivant. Finally, it is recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of two counts of sexual abuse of a child under twelve years old in the Circuit Court of Choctaw County on May 6, 2011 (Doc. 4, p. 2; *cf.* Doc. 13, p. 3).

1

Sturdivant received a sentence of fifteen years in the State penitentiary on each count, to be served concurrently (*id.*). Petitioner did not appeal the convictions or sentences (Doc. 4, p. 3; Doc. 13, p. 3), so his conviction became final on June 27, 2011. *See* Ala.R.App.P. 4(b)(1).[1]

Petitioner filed a complaint on January 21, 2014,[2] raising the following claims: (1) He was denied effective assistance of counsel; (2) he was denied his right to an appeal; (3) he was denied a speedy trial; (4) the indictment against him was defective; (5) his conviction violated the Double Jeopardy clause; (6) his attorney had a conflict of interest; (7) there is newly discovered evidence; (8) he did not knowingly and voluntarily enter his plea; and (9) he was not informed of his right to appeal (Doc. 4).

Respondent asserts that although Petitioner has raised most of these claims in a State Rule 32 petition in the Choctaw County Circuit Court, he has not waited for the Court to rule on his appeal before filing this action (Doc. 13, pp. 7-8). The Court notes that Sturdivant admits in his Complaint that the

---

[1] "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."

[2] Sturdivant initiated this action on January 21, 2014 by filing a "Motion to Change the Illegal Sentence" (Doc. 1).

2

Alabama court has not ruled on his petition (Doc. 4, p. 4).

This Court finds that Petitioner has failed to exhaust his state remedies with regard to these claims. Under federal statutory law, this Court cannot grant a petition for habeas corpus under § 2254 if the Petitioner has not exhausted his claims in the State courts. 28 U.S.C. § 2254(b)(1)(A). As such, this Court cannot rule on Sturdivant's petition. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); s*ee also Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Therefore, it is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his state remedies. It is further recommended that judgment be entered in favor of Respondent Christopher Gordy and against Petitioner Tommy Sturdivant.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1).

Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Sturdivant has not exhausted his available State court remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

4

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 4th day of June, 2014.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE